Filed
5/23/2019 10:17 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

# ATTACHMENT 1-B

NO. **19-DCV-262763**

| | | |
|---|---|---|
| **BODIUL ALAM** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Fort Bend County - 458th Judicial District Court |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **YORK RISK SERVICES GROUP** | § | |
| **INC.** | § | |
| **Defendant.** | § | **OF FORT BEND COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, BODIUL ALAM, hereinafter called Plaintiff, complaining of and about

YORK RISK SERVICES GROUP, INC. ("YORK"), hereinafter called Defendant, and for

cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff affirmatively pleads that he seeks monetary relief of $200,000.00 to

$1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest

and attorney fees and intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, BODIUL ALAM, is an individual who resides in Harris County, Texas.

The last three digits of his driver's license number are ▇▇▇

3.      Defendant, YORK, a domestic company, may be served pursuant to article

2.11(A) of the TEXAS BUSINESS CORPORATIONS ACT, or its successor statutes, sections 5.201 and

5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving its registered agent, Corporation

Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described herein may be effected by personal delivery.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      This court has jurisdiction over the parties because Defendant does business in the state of Texas.

6.      Venue in Fort Bend County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7.      On July 31, 2017, Plaintiff, BODIUL ALAM was traveling eastbound on the 1500 block of U.S. Highway 90A, when GEORGE RAY MICHEAUX JR., an underinsured motorist, failed to control his vehicle's speed and rear ended the Plaintiff's vehicle. As a result of the accident, Plaintiff sustained serious personal injuries for which he sought the care of medical professionals.

## CAUSES OF ACTION YORK RISK SERVICES GROUP, INC.

8.   At the time of the incident at issue, GEORGE RAY MICHEAUX JR. was operating an underinsured motor vehicle. Plaintiff promptly submitted a notice of pursuing underinsured motorist claims to his insurance company YORK.

9.      Plaintiff timely and properly notified his insurance carrier, YORK, of the accident. Plaintiff has fully complied with all the conditions of his insurance policy prior to brining this suit. Nevertheless, YORK has refused to pay Plaintiff any underinsured motorist

2

benefits under the policies, as it is contractually obligated to do.

10.    In addition, Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under CPRC § 38.001 and/or Tex. Ins. Code § 542.060(a) and interest of 18% under Tex. Ins. Code §542.060.

11.    All conditions precedent has been performed or has occurred.

## BREACH OF CONTRACT

12.    Plaintiff presented offer to settle his injures. Defendant YORK subsequently never made any offers or payment from Plaintiff's underinsured motorist policy as full and final settlement. Plaintiff's damages, including pain and suffering, mental anguish, future damages, and actual incurred past damages has amounted to more than the bad faith offer presented by Defendant YORK.

13.    The driver responsible for this accident did not have liability coverage. The injuries sustained by Plaintiff were not the result of intentional acts, but were accidental and caused by the negligence of the underinsured driver. Plaintiff hereby seeks recovery for injuries under underinsured coverage.

14.    Defendant YORK was timely informed of the accident and Plaintiff's intent to claim first party benefits around May 22, 2018. Defendant YORK refused and continues to refuse to provide coverage to Plaintiff under the above policy.

## DECEPTIVE RADE PRACTICES ACT & TEXAS INSURANCE CODE

15.    Plaintiff would show that Defendant YORK engaged in certain false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

3

16.     Specifically Defendant YORK violated the following sections under Texas Deceptive Trade Practices-Consumer Protection Act, which constitutes the following acts unlawful:

(a) Section 17.46(b)(5): representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(b) Section 17.46(b)(12): representing that an agreement confers or involves rights, remedies, or obligations for which it does not have or does not involve, or which are prohibited by law;

(c) Section 17.46(b)(24): failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(d) Section 17.50(a)(4): the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code (as described herein)

17.     Unconscionable Action or Course of Action.  Defendant YORK engaged in an "unconscionable action or course of action' to the detriment of Plaintiff as defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

18.     Unfair Claim Settlement Practices. Defendant YORK further violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7) and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above, misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiff a reasonable explanation of the factual and legal basis in the policy for their denial of medical benefits, which precluded Plaintiff from receiving timely benefits. Specifically, Plaintiff

4

asserts that Defendant YORK failed to promptly pay uninsured motorist benefits as required by the terms and conditions of the insurance policy, and without conducting a reasonable investigation prior to denying said benefits. Said violations were a producing cause of Plaintiff's actual damages as provided herein.

19.    Plaintiff further would show that he has made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code and DTPA.

20.    Plaintiff further would show that the above-described actions of Defendant YORK was committed knowingly and/or intentionally, thus entitling Plaintiff to additional damages as provided in the Texas Insurance Code.

21.    Plaintiff would further show that the above-described actions of Defendant YORK was committed knowingly and/or intentionally, thus entitling Plaintiff to additional damages as provided in the DTPA.

## NEGLIGENT MISREPRESENTATION

22.    Plaintiff would show that Defendant YORK supplied false information in the course of said Defendant's business, profession, or employment or in the course of a transaction in that Defendant YORK has a pecuniary interest, and that such information was supplied by Defendant YORK for the guidance of Plaintiff in the transactions described hereinabove. Defendant YORK failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully herein below, which was proximately caused by Plaintiff's justifiable reliance on such information.

23.     Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, as provided by *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1991).

## FRADULENT INDUCEMENT

24.     There exists between Plaintiff and Defendant YORK a valid, enforceable contract, the insurance policy described herein.

25.     Defendant made numerous false and material misrepresentations to Plaintiff, which Defendant YORK knew to be false, in order to induce Plaintiff into entering into a contract.

26.     Plaintiff relied on these misrepresentations and entered into an agreement with Defendant YORK. Defendant YORK has refused and continues to refuse to honor the promises made to Plaintiff.

## DAMAGES FOR PLAINTIFF BODIUL ALAM

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, BODIUL ALAM, was caused to suffer personal injuries, and to incur the following damages:

A.     The physical pain and mental anguish in the past and future;

B.     The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

C.     Physical impairment in the past and future; and

D.     Physical disfigurement in the past and future.

## REQUEST FOR DISCLOSURE

28.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

6

each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## NOTICE OF USE

29.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

30.     The following is the undersigned attorney's designated e-Service email addresses for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:  Litigation@TheHadiLawFirm.com  and  Staff@HigdonLawyers.com.  This  is  the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

31.     Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BODIUL ALAM, respectfully prays that the Defendant, YORK, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such

other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**Of Counsel: Paul Higdon**
            **Texas Bar No. 09590700**
            **601 Sawyer Street, Suite 210**
            **Houston, Texas 77007**
            **Telephone: 713-223-7300**
            **Fax: 713-223-7331**

            **\* E-Service Email: Litigation@thehadilawfirm.com**
            **\* E-Service Email: Staff@higdonlawyers.com**
            **\* E-Service is only accepted at the above designated e-service email**
            **address.**

            **PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

            **DATE FILED: May 23, 2019**

8